# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor, | ) ) ) | CASE NO. 5:25-cv-1463 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| AZTECA RESTAURANTE MEXICANO, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

Now before the Court is the motion to approve consent order and judgment filed by plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary"). (Doc. No. 2 (Motion).) Defendants Azteca Restaurante Mexicano, Inc., Azteca Restaurante, Inc., Azteca Mexican Restaurante Inc., and Salvador Alatorre (collectively, "Azteca") filed a response in support of the motion.[1] (Doc. No. 5 (Response).)

## I.    BACKGROUND

The Secretary filed a complaint (Doc. No. 1 (Complaint)) against Azteca, alleging multiple violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"). 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5). The complaint alleges Azteca paid employees below minimum wage in violation of 29 U.S.C. § 206 (Doc. No. 1 ¶¶ 9–12), paid employees working overtime at rates

---

[1] Azteca expressed "concerns and disagreement with some factual contentions and implications in Plaintiff's supporting Memorandum to approve the Consent Order and Judgment[,]" but ultimately filed the response "to signal and ratify their consent to the relief afforded in the Consent Order and Judgment[.]" (Doc. No. 5, at 1.) The Court thus construes the response as one filed in support of the motion.

lower than provided by law in violation of 29 U.S.C. § 207 (*Id.* ¶¶ 13–16), and failed to maintain

records as required by 29 U.S.C. § 211 and 29 C.F.R. § 516. (*Id.* ¶¶ 17–18.) The complaint seeks

an injunction, a judgment for back wages, and liquidated damages. (Doc. No. 1, at 5–6.)[2]

In the present motion, on behalf of the parties, the Secretary seeks court approval of a

consent order and judgment that (1) enjoins Azteca from further violations of the FLSA, (2) directs

Azteca to pay $58,462.80 in back wages owed to certain enumerated current and former

employees, (3) enters judgment in favor of the Secretary and against Azteca in the amount of

$116,925.60, and (4) requires Azteca to pay the Secretary $23,075.00 in settlement of related civil

money penalties ("CMPs") issued by the Secretary. (Doc. No. 2-2 (Proposed Consent Decree) ¶¶

1–16.)

## II.     LEGAL STANDARD

"A consent decree is a strange hybrid in the law." *Brown v. Neeb*, 644 F.2d 551, 557 (6th

Cir. 1981). A consent decree is the product of private negotiation between the parties, but it also

draws upon a court's Article III powers and invokes the court's continuing jurisdiction. *See Evoqua*

*Water Tech., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 237 (6th Cir. 2019) (J. Bush

concurring). In short, it "places the power and prestige of the court behind the compromise struck

by the parties." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983) (citation omitted).

Accordingly, when assessing a consent decree, courts must determine whether they have authority

to approve the consent decree in question.

Once a court determines it has authority to approve the consent decree, it must assess the

consent decree under multiple criteria. First, the Court must assess whether the consent decree

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

"arise[s] out of and resolve[s] a dispute that is within the [c]ourt's subject-matter jurisdiction, come[s] within the general scope of the case as determined by the pleadings, and further[s] the objectives of the law the complaint was based upon." *See Travelers Cas. & Sur. Co. of Am. v. Smith*, No. 1:21-cv-11, 2022 WL 4878605, at *2 (E.D. Tenn. Oct. 3, 2022) (citing *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525, 106 S. Ct. 3063, 92 L. Ed. 2d 405 (1986)). Next, the Court must scrutinize the consent decree under the Sixth Circuit's "general test for consent decrees" by ensuring the decree is "fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Lexington-Fayette Urb. Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (citations and quotation marks omitted); *United States v. NCR Corp.*, No. 1:19-cv-1041, 2020 WL 8574835, at *2 (W.D. Mich. Dec. 2, 2020).

In considering these factors, the Court must be cognizant that public policy "'generally supports a presumption in favor of voluntary settlement of litigation' through 'a consent decree.'" *Lexington Ins. Co. v. Ambassador Grp. LLC*, 581 F. Supp. 3d 863, 866 (W.D. Ky. 2021) (quoting *Lexington-Fayette Urb. Cnty. Gov't*, 591 F.3d at 490–91).

## III.  DISCUSSION

### A.  The Court's Authority

This Court has authority to approve the proposed consent decree. As a general matter, district courts have the power to enter judgment upon agreement of the parties. *See Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522. Further, the FLSA authorizes courts to enter injunctions and order the payment of back wages and liquidated damages. *See Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 391–92 (6th Cir. 2001); 29 U.S.C. §§ 216–217. Finally, if requested by the parties, the courts have the power to maintain jurisdiction over cases to enforce

consent judgments. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994).

Here, the parties ask this Court to enter a consent decree that provides for liquidated damages, back wages, and injunctive relief in settlement of FLSA claims. The parties also request that the Court retain jurisdiction over this matter to enforce the consent decree. This Court has authority to approve such consent decrees. *See, e.g., Secretary v. D&D Rides, LLC, et al.*, No. 3:22-cv-173, Doc. No. 38 (N.D. Ohio April 22, 2024) (entering FLSA consent decree providing for injunctive relief, back wages, liquidated damages, and retention of jurisdiction); *Secretary v. Spa West Corporation*, No. 1:20-cv-2477, Doc. No. 37 (N.D. Ohio Aug. 23, 2023) (same).

Being satisfied with its general authority to approve FLSA consent decrees, the Court next considers whether the proposed consent decree falls within the Court's jurisdiction, adheres to the general scope of the complaint, and serves the FLSA's purposes.

### B.    Jurisdiction, Scope, & Objectives

The proposed consent decree resolves a dispute within this Court's subject-matter jurisdiction. District courts have federal question jurisdiction over claims brought under the FLSA, a federal statute. *See TallBear v. Soldi Inc.*, No. 19-cv-2789, 2020 WL 2490047, at *5 (D. Minn. May 14, 2020) (FLSA allegations support federal question jurisdiction); *see also* 29 U.S.C. §§ 216–217 (providing that cases alleging FLSA violations may be brought before courts of competent jurisdiction). The complaint raises claims under the FLSA. (Doc. No. 1 ¶¶ 9–18.) The proposed consent decree only resolves the claims in the complaint and related FLSA violations. (*See* Doc. No. 2-2 ¶ 22 (noting that proposed consent decree "resolves the issues in the

[c]omplaint"); *id.* ¶ 14 (noting that consent decree resolves CMPs[3] issued by Secretary for related FLSA violations).) As the proposed consent decree solely resolves claims under the FLSA, it resolves disputes within the Court's subject-matter jurisdiction.

The proposed consent decree also resolves a dispute within the general scope of the complaint. The complaint alleges minimum wage, overtime, and recordkeeping violations. (Doc. No. 1 ¶¶ 9–18.) The proposed consent decree resolves all allegations in the complaint. (Doc. No. 2-2 ¶ 22.) Such resolution is clearly within the general scope of the complaint. The proposed consent decree also resolves CMPs issued by the Secretary for related FLSA violations not specifically pleaded in the complaint. (*Id.* ¶ 14.) Counsel for both parties represent that these FLSA violations relate closely to the pleaded FLSA violations and result from the same investigation. Resultantly, the Court is satisfied that these related FLSA violations fall within the general scope of the pleading.

The proposed consent decree furthers the objectives of the FLSA. The purpose of the FLSA is "to raise substandard wages and to give additional compensation for overtime work . . . thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *United States v. Rosenwasser*, 323 U.S. 360, 361, 65 S. Ct. 295, 89 L. Ed. 2d 301 (1945) (*quoting* Sen. Rep. No. 884 (75th Conf., 1st Sess.)). The proposed consent decree serves this purpose by remedying alleged violations of the FLSA that directly affect employees' rights to wages and compensation for overtime work and the Secretary's ability to enforce the FLSA.

---

[3] Counsel for both parties represented that these CMPs are not currently subject to or before any administrative tribunal, and that, for the sake of judicial efficiency, they wish to have the CMPs resolved as part of the instant consent decree.

The proposed consent decree thus resolves a dispute properly presented to this Court and serves the FLSA's purposes. The Court next addresses the Sixth Circuit's general test for consent decrees.

### C.     The General Test

#### 1.     Fairness

In reviewing the fairness of a consent decree, courts consider both procedural and substantive fairness. *See, e.g.*, *United States v. Chem. Waste Mgmt., Inc.*, No. 3:22-cv-132, 2022 WL 4957567, at *3–4 (S.D. Ohio Oct. 4, 2022). The proposed consent decree is fair on both fronts.

Procedural fairness evaluates "'the negotiation process and attempt[s] to gauge its candor, openness, and bargaining balance.'" *United States v. Grand Rapids, Michigan*, 166 F. Supp. 2d 1213, 1219 (W.D. Mich. 2000) (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990)).  In doing so, courts consider "the strength of plaintiff's case, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation if the settlement is not approved." *United States v. NCR Corp.*, No. 1:19-cv-1041, 2020 WL 8574835, at *3 (W.D. Mich. Dec. 2, 2020) (quoting *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991)).

Here, the Secretary represents, and Azteca does not contest, that the proposed consent decree is the result of good faith, arms-length negotiation between the parties. (Doc. No. 2-1, at 6–7.) Further, both sides were represented by counsel and had ample opportunity to review and discuss with counsel the proposed consent decree before agreeing upon it. (*Id.* at 7.) Thus, the Court is satisfied that the consent decree is procedurally fair. *See NCR Corp.*, 2020 WL 8574835, at *3 (finding consent decree procedurally fair where, *inter alia*, consent decree resulted from arms-length negotiations with all sides represented by counsel and no suggestion of bad faith).

Substantive fairness concerns the terms of the agreement and starts from the premise that "'a party should bear the cost of the harm for which it is legally responsible.'" *NCR Corp.*, 2020 WL 8574835, at *4 (quoting *Cannons*, 899 F.2d at 87). "Substantive fairness requires that settlement terms be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party] has done." *Chem. Waste Mgmt.*, 2022 WL 4957567, at *3 (citation and quotation marks omitted). The Court should also consider factors like the parties' litigation risk and the benefits of resolution. *See, e.g.*, *Akzo Coatings*, 949 F.2d at 1435–36; *Grand Rapids*, 166 F. Supp. 2d at 1222; *Chem. Waste Mgmt.*, 2022 WL 4957567, at *3–4.

Here, as to comparative fault, the defendants are collectively responsible for the alleged violations as a result of their "unified operation or common control" at the time of the violations. (Doc. No. 1 ¶ 6.) By collectively enjoining and requiring damages from all defendants (Doc. No. 2-2, at 2–5), the consent decree adequately apportions fault. *See Acosta v. Triple V Concrete Constr., Inc.*, No. 18-cv-2942, 2019 WL 13471385, at *2 (D. Minn. Jan. 31, 2019) (finding consent decree substantively fair where "[d]efendants were solely responsible for the alleged wrongdoing . . . and as such, were assigned complete responsibility[.]"). Next, the consent decree directs the Secretary to distribute back wages and liquidated damages owed to certain enumerated current and former employees. (Doc. No. 2-2 ¶ 9; *see* Doc. No. 2-3.) The consent decree thus has the benefit of quickly remedying the alleged violations and getting the affected employees due compensation. *See Chem. Waste Mgmt., Inc.*, 2022 WL 4957567, at *4 ("Resolution without protracted litigation hastens the time in which [the relevant violations can be remedied]."). Thus, the proposed consent decree is substantively fair.

2.      *Reasonable and Adequate*

To assess the reasonableness and adequacy of a proposed consent decree, courts generally consider the harm caused by the defendants' conduct, the degree to which the proposed remedy adequately addresses that harm, possible alternatives to the proposed remedy, and the degree to which the consent decree furthers the statute's goals. *See, e.g., Chem. Waste Mgmt., Inc.*, 2022 WL 4957567, at *4 (citation and quotation marks omitted).

Here, Azteca's alleged minimum wage and overtime violations harmed its current and former employees by depriving them of due compensation. (Doc. No. 1 ¶¶ 9–16.) The consent decree adequately addresses this harm by enjoining any further minimum wage and overtime violations, requiring Azteca to pay back wages and liquidated damages in the total amount of $116,925.60 to be distributed to the employees to whom the compensation was due, and imposing penalties of $23,075.00. (Doc. No.  2-2, at 2–5.) The Court is presented with no better alternative for remedying this harm. Back wages, liquidated damages, penalties, and an injunction against future violations serve the FLSA's purpose "to raise substandard wages and to give additional compensation for overtime work[.]" *Rosenwasser*, 323 U.S. at 361.

Next, the proposed consent decree adequately addresses the harms caused by Azteca's alleged recordkeeping violations. The purpose of the FLSA's recordkeeping requirement is to aid in the enforcement of the FLSA. *See* 29 U.S.C. § 211(c) (records must be maintained "as necessary or appropriate for the enforcement of the provisions of this chapter"). Thus, Azteca's alleged violation of the FLSA's recordkeeping requirements harmed the public by hindering FLSA enforcement. The proposed consent decree remedies this harm by preventing future recordkeeping violations. (Doc. No. 2-2, at 3.) The Court is presented with no better alternative for remedying

this harm. Enjoining Azteca from future recordkeeping violations will serve Section 211(c)'s purpose of ensuring the accessibility of data necessary for FLSA enforcement.

The Court finds the proposed consent decree reasonable and adequate.

        *3.*     *Public Interest*

As discussed above (*supra*, at § III(B)), the proposed consent decree aligns with the FLSA's purpose by remedying an alleged violation of the FLSA that directly affects employees' rights to wages and compensation for overtime work and the Secretary's ability to enforce the FLSA. In doing so, the consent decree serves the public interest.

## IV.   CONCLUSION

The proposed consent decree is fair, reasonable, adequate, and serves the public interest. Accordingly, the Secretary's unopposed motion to approve the consent order and judgment is **GRANTED.** The approved consent decree will be **ENTERED** and docketed separately.

       **IT IS SO ORDERED**.

Dated: September 2, 2025

                                 **HONORABLE SARA LIOI**
                                 **CHIEF JUDGE**
                                 **UNITED STATES DISTRICT COURT**